IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK T. SETTERLAND, | No. C 05–04501 WHA |
| Plaintiff, | |
| v. | **ORDER OF TRANSFER** |
| ELA PATEL; JOHN DOES 1-10; DOES PARTNERSHIP 1-10; DOE ASSOCIATIONS 1-10 AND DOE CORPORATIONS, | |
| Defendants. | |

## INTRODUCTION

In this case involving an automobile accident, the Court requested briefing as to whether defendant's removal of this action was proper. Defendant removed this matter from Hawaii state court directly to this district, which is not allowed by 28 U.S.C. 1441(a). This order finds it appropriate under 28 U.S.C. 1406(a) to transfer this action to where defendant properly should have removed it. This order, therefore, **TRANSFERS** this action to the United States District Court for the District of Hawaii.

## STATEMENT

In Pepcecko, Hawaii, defendant Ela Patel, a resident of the United Kingdom, purportedly ran a stop sign and crashed into the vehicle operated by plaintiff Mark T.

1   Setterland, a resident of California.  On September 16, 2005, plaintiff filed his complaint
2   against defendant in the Third Circuit Court for the State of Hawaii.  On November 4, 2005,
3   defendant removed the action to this Court on grounds of diversity jurisdiction pursuant to 28
4   U.S.C. 1441(b).

5   At the case management conference on February 9, 2006, defense counsel was
6   questioned as to the grounds for removal to this Court.  Both sides were given the opportunity
7   to submit briefs discussing whether or not removal was proper.

**ANALYSIS**

Title 28, Section 1441(a) provides that an action "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  This provision governs venue in removal cases.  *See, e.g.*, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).

If the removal of an action is procedurally deficient, a party or a court acting *sua sponte* has only thirty days from the date of removal to challenge the defect.  28 U.S.C. 1447(c); *Maniar v. F.D.I.C.*, 979 F.2d 782, 786 (9th Cir. 1992).  "[T]he intent of § 1447(c) was to prevent the shuffling of cases between state and federal courts after the first thirty days based on procedural defects when each court has subject matter jurisdiction."  *Id* at 785 (internal citation omitted).  On the other hand, there is no time limit for the remand of an action as to which removal was jurisdictionally deficient.  *Id*. at 784.

Our circuit has yet to consider the exact issue of whether failure to comply with the venue provision of 28 U.S.C. 1441(a) is a *procedural* or a *jurisdictional* defect.  The Eleventh Circuit, however, has.  *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997).  According to that opinion, "[t]he Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional."  *Ibid*. (citation omitted).  Moreover, "[a]s with other procedural defects, parties can waive venue requirements."  The opinion thus held that "failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."  *Id.* at 1394.  This order finds the reasoning of *Peterson* persuasive.

2

1    Undoubtedly, defendant removed the instant action to the wrong district.  The complaint
2 was filed in Hawaii but somehow defendant skipped the Pacific Ocean and dropped the matter
3 in the Northern District of California.  This order may not remand the case, however, because
4 this procedural error was committed well over thirty days ago.  Neither the Court nor the
5 plaintiff challenged the procedural defect within the requisite time limit imposed by 28 U.S.C.
6 1441(a).

7    Nevertheless, although remand is improper, this order still may rectify the defective
8 venue under 28 U.S.C. 1406(a).  This section provides that "[t]he district court of a district in
9 which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the
10 interest of justice, transfer such case to any district or division in which it could have been
11 brought."  28 U.S.C. 1406(a) thus provides a mechanism for courts to cure errors in venue.

12   As noted, defendant improperly removed the matter to this district.  Under Section
13 1406(a), this Court may, therefore, transfer this case to "any district or division in which it
14 could have been brought."  Defendant could have removed this action to the District of Hawaii
15 because there exists complete diversity of citizenship between the two-named parties; defendant
16 is not resident of Hawaii; and that is the district encompassing the state court where the action
17 was originally filed.  28 U.S.C. 1441(a)–(b).

18   This order further notes that it is proper to resolve the defective venue *sua sponte*.  "In
19 the absence of a waiver, we can find no reason to hold that the district court erred by raising the
20 issue of defective venue on its own motion."  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.
21 1986).  Contrary to defendant's assertion, plaintiff has neither accepted this venue nor waived
22 his right to challenge the impropriety of this venue.  On the contrary, plaintiff maintains that
23 "[t]he choice of Hawaii jurisdiction is not prejudicial to defendant as Ela Patel, a citizen of
24 Great Britain, has more contact in Hawaii, e.g. situs of accident, contract with rental agency,
25 than with California" (Plaintiffs' Br. 3).  Plaintiff believes that Hawaii is the proper venue.

26   Defendant, of course, may request that the District of Hawaii transfer the case back to
27 this Court.  That would have been the appropriate mechanism for defendant to seek venue here
28 in the first place.

3

**CONCLUSION**

For the foregoing reasons, this case is hereby **TRANSFERRED** to the United States District Court for the District of Hawaii.

**IT IS SO ORDERED.**

Dated: February 14, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE